IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CT-3121-F

| | | |
|---|---|---|
| KEVIN ALPHONSO ALEXANDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| PAUL G. BUTLER, | ) | |
| | ) | |
| Defendant. | ) | |

On May 12, 2014, Plaintiff, a state inmate proceeding pro se, filed this civil action. Compl. [DE-1]. Plaintiff has requested leave to proceed without prepayment of the full civil filing fee [DE-2]. The matter is now before the undersigned for frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B).

In reviewing an *in forma pauperis* application, a court "shall dismiss" any case that is "frivolous or malicious," that "fails to state a claim on which relief can be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). A case is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The standard used to evaluate the sufficiency of the pleading is flexible, and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). Erickson, however, does not dispense with the "requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atlantic Corn. v. Twombly, 550 U.S. 544, 555 (2007)); see Ashcroft v. Iqbal,

556 U.S. 662, 677-80 (2009); Nemet Chevrolet Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255-56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

The only Defendant named by Plaintiff is the chairman of the North Carolina post-release and parole commission. Compl. [DE-1], p. 1. He asserts that "he deserve[s] the same chance at freedom . . . [as other paroled] inmates, but [he is] pushed to the side and picked over." Id. at p. 4. As relief, he seeks termination of his sentence and monetary damages. Id. at pp. 4-5. The Supreme Court has held that "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) (emphasis added); see also Edwards v. Balisok, 520 U.S. 641 (1997); Heck v. Humphrey, 512 U.S. 477 (1994). "A district court must undertake a case specific analysis to determine whether success on the claims would necessarily imply the invalidity of a conviction or sentence." Thigpen v. McDonnell, 273 F. App'x 271, 272 (4th Cir. 2008) (per curiam) (unpublished); see Muhammad v. Close, 540 U.S. 749, 751 (2004) (per curiam) ("Heck's requirement to resort to state litigation and federal habeas before § 1983 is not . . . implicated by a prisoner's challenge that threatens no consequence for his conviction or the duration of his sentence."). Here, "[un]til such time as Plaintiff has secured his release, he is barred from recovering damages in connection with his imprisonment as a judgment in his favor would imply that his parole decision was invalid." Roberson v. Thomas, No. 2:13-CV-1872-RMG, 2013 WL 5741582, at *8 (D.S.C. Oct. 22, 2013) (citing Heck, 512 U.S. 477); see also Husketh v. Sills, 34 F. App'x 104, 105 n.2 (4th Cir. 2002) (stating that the preclusive rule of Heck extends to parole decision; McGrew v. Texas Bd. of Pardons & Paroles, 47 F.3d 158, 161 (5th Cir. 1995) (holding that an action challenging validity of

2

parole proceedings calls into question fact of confinement and thus must satisfy Heck element). To the extent Plaintiff argues that he should have received or should now receive release to parole, such a claim is one properly couched as a habeas petition under 28 U.S.C. § 2254, not an action under 42 U.S.C. § 1983.[1]

For these reasons, the court DISMISSES Plaintiff's complaint as frivolous, and the Clerk of Court is DIRECTED to close the case.

SO ORDERED. This 10 day of November, 2014.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge

---

[1] To this end, Plaintiff filed a § 2254 petition in Alexander v. Perry, No. 5:14-HC-2088-D. That petition was ultimately dismissed as time-barred, and a certificate of appealability was denied. Alexander, No. 5:14-HC-2088-D, [DE-3] (E.D.N.C. October 22, 2014).